1

2

3

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11

RICARDO CARMICHAEL, ET AL.,

No.  2:23-cv-01075-DJC-DMC

12

Plaintiffs,

13

v.

FINDINGS AND RECOMMENDATIONS

14

DAN FITZGERALD & ASSOCIATES, INC., ET AL.,

15

16

Defendants.

17

18

Plaintiffs, who proceed with retained counsel, brought this action. Pending before

19

the Court is Plaintiffs' unopposed motion for settlement approval. See ECF No. 46.  Plaintiff

20

alleges violations of the Fair Labor Standards Act (FLSA) and violations of Georgia state contract

21

laws. See ECF No. 1. Parties worked together to draft the terms of their settlement agreement and

22

are now seeking approval of such agreement. See ECF No. 46.

23

24

**I. BACKGROUND**

25

A.      **Procedural History**

26

Plaintiffs Carmichael and Clifton filed their complaint on June 6, 2023. See ECF

27

No. 1. According to Plaintiffs, Defendants violated the FLSA and various terms of their

28

employment contract. See id. at 2. Plaintiffs assert that Defendants employed them to conduct

1

1    surveys of natural gas lines and produce reports, paid on an hourly basis. See ECF No. 46, pg. 2.

2    According to Plaintiffs, they submitted manually completed timesheets which reflected working

3    for more than 40 hours per week, but Defendants failed to compensate Plaintiffs, only paying

4    them for time spent at the worksite and not travel. See id. at 2-3.

5            On November 17, 2023, Defendants filed an answer, denying violations of FLSA,

6    asserting ten affirmative defenses, and bringing counterclaims for intentional misrepresentation

7    and unjust enrichment. See ECF No. 13. On February 23, 2024, Defendant Caldeira and

8    Defendant McClenton filed consent to join the action on February 23, 2025, and November 7,

9    2024, respectively. See ECF Nos. 19 and 31. From December 18, 2023, through August 1, 2024,

10   parties agreed to stay the action while conducting settlement negotiations. See ECF Nos. 18, 21,

11   and 25. Before parties executed the settlement, Defendants' counsel Mr. Morrisseey filed a

12   motion to withdraw as counsel. See ECF Nos. 28 and 34. On January 13, 2025, the Court granted

13   the motion to withdraw as counsel and Mr. Morrisseey was terminated. See ECF No. 37.  The

14   matter was referred to Magistrate Judge Cota who conducted status conferences with the parties.

15   See ECF Nos. 37, 41, 42, and 43. At those conferences, parties confirmed that they had reached a

16   settlement and asserted that they still agreed to the terms of that settlement. See ECF No. 46, pg.

17   4. Additionally, it was "agreed that because Defendants include an unrepresented corporation

18   which cannot act in this proceeding pro se, upon execution of the settlement agreement, Plaintiffs

19   would file this unopposed motion for settlement approval. Mr. Fitzgerald signed the settlement

20   agreement on behalf of himself and the corporate defendant on April 16, 2025." Id. at 4.

21           **A.    The Proposed Settlement**

22           While parties explored a global settlement, which would include the potential

23   collective of all similarly situated employees, the settlement they reached only resolves the claims

24   of Plaintiffs Carmichael, Clifton, Caldeira, and McClenton. See ECF No. 46, pgs. 3-4. Defendants

25   agree to pay the Plaintiffs a total of $70,000 "in consideration for the Plaintiffs dismissal and release

26   of their claims for unpaid compensation arising from their employment with Defendants." Id. at 5.

27   Of that total, $34,657.98 would be considered payment for the unpaid overtime, divided between

28   Plaintiffs. See id. The remaining $35,342.11 is allocated to attorneys' fees divided between Parks,

1   Chesin & Walbert, P.C., Radford Scott LLP, and Righetti Glugoski, P.C. See id. Additionally,

2   Defendants agree to release all claims against Plaintiffs, including counterclaims. See ECF No. 46-

3   1 at 2.

4

5                                   **II. DISCUSSION**

6          If FLSA claims are settled, the settlement must be approved by either the Secretary

7   of Labor or a federal district court. See Seminiano v. Xyris Enter., Inc., 602 F. App'x 682, 683

8   (9th Cir. 2015) (unpublished) (citing Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir.

9   2013)). In the absence of Supreme Court or Ninth Circuit guidance, district courts often assess

10  whether the settlement is "a fair and reasonable resolution of a bona fide dispute over FLSA

11  provisions." See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982);

12  See also Dahl v. Bay Power Inc., 2021 U.S. Dist. LEXIS 101792, 2021 WL 2313388, at * 1 (N.D.

13  Cal. May 28, 2021). To determine whether a FLSA settlement is fair and reasonable, the court

14  evaluates the "totality of the circumstances" within the context of the FLSA framework. Selk v.

15  Pioneers Mem'l Healthcare Dist., 159 F. Supp. 3d 1164, 1173 (S.D. Cal. 2016). The court must

16  consider the following factors when determining whether a settlement is fair and reasonable under

17  the FLSA:

18          (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and
            amount of discovery completed; (3) the seriousness of the litigation risks faced by
19          the parties; (4) the scope of any release provision in the settlement agreement; (5)
            the experience and views of counsel and the opinion of participating plaintiffs; and
20          (6) the possibility of fraud or collusion.

21          Id.

22          Additionally, "[a]s part of the inquiry to determine whether a FLSA settlement is

23  fair, a district court 'must consider the proposed service payments to the named plaintiff and the

24  attorneys' fees.'" Fontes v. Drywood Plus, Inc., 2013 U.S. Dist. LEXIS 169720, 2013 WL

25  6228652, at *6 (D. Ariz. Dec. 2, 2013) (internal quotation marks and citation omitted).

26  / / /

27  / / /

28  / / /

3

1           Here, there is a bona fide dispute because the ordinal Complaint, ECF No. 1,

2    alleges FLSA violations that Defendants denied in their answer. <u>See</u> ECF No. 13. Parties have not

3    moved for conditional class certification and instead decided to settle the claims with the

4    individual Plaintiffs. Thus, the Court does not need to consider conditional class certification

5    when approving this settlement.

6           Plaintiffs assert that the settlement agreement is fair and addressed all relevant

7    factors, contending that each factor weighs in favor of approval. These factors, as applied to the

8    facts, are: (1) Plaintiffs are receiving more than the minimum likely recovery; (2) parties had

9    sufficient time to review payroll and time data to make an informed decision; (3) litigation poses

10   a serious, especially due to the counterclaims filed; (4) the scope of release is appropriately

11   limited; (5) all parties executed and agreed to the terms of the settlement; and (6) there is a low

12   likelihood of fraud given the discovery already produced. <u>See</u> ECF No. 46, pgs. 7-10.

13          Plaintiffs contend that the attorneys' fees are reasonable because the actual

14   calculated attorneys' fees amount to over $140,000 but they agreed to settle for around $35,000.

15   <u>See id.</u> at 10-11. Plaintiffs reached the calculated amount of $140,000 asserting that all the

16   attorneys who worked on the case have an hourly rate ranging from $300.00 to $475.00 while

17   paralegals in their firms have an hourly rate of $125.00 to $150.00. <u>See id.</u> at 10. Plaintiffs

18   contend that they spent over 300 hours of attorney time and over 100 hours of paralegal time. <u>See</u>

19   <u>id.</u> The settlement allocates 10.42% of the total attorneys' fee award to Righetti Glugoski P.C.

20   <u>See id.</u> According to Plaintiffs, the three firms representing Plaintiffs agreed to award Righetti

21   Glugoski P.C. 10% of the total attorneys' fee award when the action commenced. <u>See id.</u> at 10-

22   11. The other two firms were based in Georgia and appeared pro hac vice with Matthew Righetti,

23   Esq., of Righetti Glugoski P.C., as the designated local counsel. <u>See</u> ECF Nos. 7 and 8.

24          The Court finds this settlement to fairly resolve the bona fide dispute between

25   parties. While Defendants' lack of counsel may be a point of concern, the Court is persuaded by

26   the fact that the substantive settlement discussions and terms of the settlement were decided when

27   Defendants were represented by counsel. Thus, the undersigned will recommend approval of the

28   settlement agreement.

1

### III.  CONCLUSION

2

Based on the foregoing, the undersigned recommends as follows:

3        1.        It is RECOMMENDED that motion for approval of settlement, ECF NO.

4        46, be GRANTED.

5        These findings and recommendations are submitted to the United States District

6    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days

7    after being served with these amended findings and recommendations, any party may file written

8    objections with the Court. Responses to objections shall be filed within 14 days after service of

9    objections. Failure to file objections within the specified time may waive the right to appeal. See

10   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12   Dated:  May 29, 2025

13                                         _____
                                           DENNIS M. COTA
14                                         UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28